261 B.R. 9 (2001)
In the Matter of MBA POULTRY, L.L.C., Debtor.
No. 4:00CV3267. Bankruptcy No. 00-40122.
United States District Court, D. Nebraska.
April 16, 2001.
Kevin C. Siebert, Rembolt, Ludtke Law Firm, Lincoln, NE, for plaintiff.
William L. Biggs, Jr., Biggs, Stoehr Law Firm, Omaha, NE, for Debtor.
Patricia Dugan, Omaha, NE, U.S. Trustee.

MEMORANDUM AND ORDER
KOPF, Chief Judge.
This is an appeal from a final order of *10 the bankruptcy court[1] that was entered on September 15, 2000 (bankruptcy court filing 176, captioned "Journal Entry"). The appellant is Bird Watchers LLC ("Bird Watchers"), and the appellee is Johnson County, Nebraska ("County").[2]

Issue on Appeal
The issue on appeal in this case is whether any tax lien held by the County in personal property of the debtor in bankruptcy is senior in priority to a perfected U.C.C. Article 9 security interest in such property held by Bird Watchers. Upon review of the record on appeal,[3] I will affirm the decision of the bankruptcy court in favor of the County.

Statement of Facts
The relevant facts are not in dispute. MBA Poultry, L.L.C. ("MBA"), filed a Chapter 11 bankruptcy case on January 25, 2000. Johnson County was listed as a creditor for outstanding personal property taxes. On the petition date, MBA also filed a motion which would authorize MBA to use cash collateral, incur post-petition debt, and grant adequate protection and provide security to its lender, Heller Financial, Inc. ("Heller"). The County did not receive notice of this motion, which was granted by the bankruptcy court in a final order entered on February 17, 2000 (bankruptcy court filing 37, hereinafter "Final Order").
Heller's interests in the case and in the debtor's property, which included a perfected U.C.C. Article 9 security interest, were subsequently assigned to Bird Watchers. Bird Watchers was also the successful bidder at a combined auction of all of MBA's real and personal property that was held on June 5, 2000.
Johnson County, which was provided notice of the sale, filed a claim for real estate taxes and personal property taxes. Bird Watchers paid the real estate taxes, but refused to pay the personal property taxes, asserting that Heller's security interest had priority under the bankruptcy court's Final Order.
The County then filed a motion to amend the bankruptcy court's Final Order due to lack of notice.[4] The bankruptcy court granted the County's motion in part, holding that its interest in the debtor's personal property continued and was entitled to "first lien" status under Neb.Rev. Stat. Ann. § 77-203 (Lexis Supp.2000), taking priority over any U.C.C. Article 9 security interest. Bird Watchers disputes this interpretation of Nebraska law.[5]

*11 Discussion
The issue presented on appeal is simply one of statutory construction. Section 77-203 provides:
All property taxes levied for any county, city, village, or other political subdivision therein shall be due and payable on December 31 next following the date of levy except as provided in section 77-1214. Commencing on that date taxes on real property shall be a first lien on the property taxed until paid or extinguished as provided by law. Taxes on personal property shall be a first lien upon the personal property of the person to whom assessed until paid.[6]
(Emphasis supplied). This language clearly supports the County's position. A "first lien" is one which takes precedence over all other charges or encumbrances upon the same piece of property, and which must be satisfied before such other charges are entitled to participate in the proceeds of its sale. Black's Law Dictionary 934 (7th ed.1999).
Bird Watchers argues, though, that Section 77-203 should be read as establishing only that tax liens have priority over other types of statutory liens. In support of this argument, it notes that another statute, Neb.Rev.Stat. Ann. § 77-208 (Michie 1996), specifically addresses the question of priority as between real estate tax liens and other types of encumbrances on real property, such as mortgages, by stating:
The first lien upon real estate under section 77-203 shall take priority over all other encumbrances and liens thereon.
According to the appellant, the absence of a comparable statute to explain the effect of the "first lien" status of personal property taxes is evidence that the Nebraska Legislature did not intend personal property tax liens to have priority over security interests that have been perfected in the manner provided by the Uniform Commercial Code. Bird Watchers thus contends that the controlling statute is Neb.Rev.Stat. Ann. U.C.C. § 9-301(4) (Lexis 2000), which provides:
A person who becomes a lien creditor while a security interest is perfected takes subject to the security interest only to the extent that it secures advances made before he or she becomes a lien creditor or within forty-five days thereafter or made without knowledge of the lien or pursuant to a commitment entered into without knowledge of the lien.[7]
Article 9, however, "generally does not govern judgment liens, other judicial liens, statutory liens and other forms of security that arise not by agreement but by operation of law." 4 James J. White & Robert S. Summers, Uniform Commercial Code § 30-2 (4th ed.1995). In this regard, Neb.Rev.Stat. Ann. U.C.C. § 9-102(2) (Lexis 2000) expressly states:
This article applies to security interests created by contract including pledge, assignment, chattel mortgage, *12 chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or consignment intended as security. This article does not apply to statutory liens except as provided in section 9-310.[8]
(Emphasis supplied.) Tax liens arising under Section 77-203 must be considered "statutory liens" for purposes of Neb. U.C.C. § 9-102(2), and, consequently, are not subject to Neb. U.C.C. Article 9.
Although few courts appear to have considered the question of the relative priority of state tax liens and U.C.C. Article 9 security interests, the uniform holding of the cases which the court has discovered is that U.C.C. § 9-301(4) does not apply. Thus, in Malakoff v. Washington, 434 A.2d 432, 434 (D.C.App. 1981), the District of Columbia Court of Appeals held that under § 9-102(2) "the UCC is by its own terms inapplicable to liens acquired by the District on account of delinquent taxes." See also Pearlstein v. U.S. Small Business Admin., 719 F.2d 1169, 1178-79 (D.C.Cir. 1983) (applying Malakoff to uphold absolute priority of District of Columbia sales tax lien). In ITT Diversified Credit Corp. v. Couch, 669 P.2d 1355, 1363 (Colo. 1983) the Colorado Supreme Court noted that U.C.C. § 9-301(4) "was adopted to address issues relating to advances made under a perfected security interest and federal tax liens," but that nothing in the language of the Uniform Commercial Code indicated that the Colorado General Assembly intended to limit the operation of a statutory provision which declared the state sales tax a "first and prior" lien upon goods and business fixtures. Indeed, the court held, the specific statutory exemption contained in U.C.C. § 9-102(2) made the Uniform Commercial Code inapplicable to the sales tax lien and it was entitled to priority over a perfected Article 9 security interest. Id. at 1364. Similarly, in Farmers & Merchants Natl. Bank v. Schlossberg, 306 Md. 48, 507 A.2d 172, 181 (1986), the Maryland Court of Appeals held that a state tax lien was a "statutory lien" within the meaning of U.C.C. § 9-102(2), the relative priority of which was to be determined without reference to Article 9. I agree with the reasoning of these cases.

Conclusion
Section 77-203 clearly states that unpaid personal property taxes are a "first lien." The bankruptcy court therefore was correct to rule that under Nebraska law the tax lien in personal property, if any, held by Johnson County is senior in priority to the security interest which is held by Bird Watchers.
Accordingly,
IT IS ORDERED that the bankruptcy court's order entered on September 15, 2000 (bankruptcy court filing 176, captioned "Journal Entry") is affirmed.
NOTES
[1] The Honorable John C. Minahan, Jr., United States Bankruptcy Judge.
[2] Four other appeals involving the same bankruptcy proceeding, in which Bird Watchers and the County are appellees, are also before the court as Case Nos. 4:00CV3224, 4:00CV3225, 4:00CV3226, and 4:00CV3227. A separate opinion is being issued for each appeal.
[3] The bankruptcy court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo. In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir.2000).
[4] The County filed a "motion to vacate" the Final Order on June 23, 2000 (bankruptcy court filing 121). This filing was superseded on June 30, 2000, by an "amended motion to amend" the Final Order (bankruptcy court filing 127).
[5] Bird Watchers does not complain about the bankruptcy court's determination that the County was entitled to relief from the Final Order because of the lack of notice and opportunity for a hearing. Although the County's motion was styled as a "motion to amend" the Final Order, which would be untimely under Fed.R.Civ.P. 59(e) (Bankruptcy Rule 9023), the bankruptcy court presumably treated the motion as one that was filed pursuant to Fed.R.Civ.P. 60(b) (Bankruptcy Rule 9024). As such, and to the extent that it may be considered an issue on appeal, I find no abuse of discretion in the bankruptcy court's decision to grant relief on the motion.
[6] The emphasized language was added to the statute in 1997. Laws 1997, LB 269, § 35. Substantially similar language, however, previously appeared in Section 77-205, which was repealed simultaneously with the amendment of Section 77-203. Laws 1997, LB 269, § 80.
[7] The term "lien creditor" is broadly defined in U.C.C. § 9-301(3) to mean "a creditor who has acquired a lien on the property involved by attachment, levy, or the like. . . ." See also Neb.Rev.Stat. Ann. U.C.C. §§ 1-201(28) & (30) (Lexis 2000) (defining "person" to include an "organization," which, in turn, is defined to include a "government or governmental subdivision or agency").
[8] Neb.Rev.Stat. Ann. U.C.C. § 9-310 (Lexis 2000) states a priority rule as between perfected security interests and certain possessory liens for services and materials.