# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2155

_____

In re:  MBA Poultry, L.L.C.,      *
     *
         Debtor.      *
_____      *
     *
Bird Watchers, L.L.C.,      *
     *
         Appellant,      *
     *    Appeal from the United States
       v.      *    District Court for the
     *    District of Nebraska.
Johnson County, Nebraska,      *
     *
         Appellee.      *

_____

Submitted:  March 15, 2002

Filed:  May 29, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Bird Watchers, L.L.C. (Bird Watchers) purchased personal property from the bankruptcy estate of MBA Poultry, L.L.C. (MBA Poultry).  At the time of the purchase, MBA Poultry owed personal property taxes to Johnson County, Nebraska.

The bankruptcy court[1] held that, if Johnson County has a valid tax lien on MBA Poultry's personal property, that lien is a first lien which survived Bird Watchers's purchase of the property. The district court[2] affirmed the bankruptcy court's decision, and Bird Watchers appeals. Having considered the well reasoned opinions of the district court and the bankruptcy court, we affirm.

## I.    BACKGROUND

The debtor in bankruptcy, MBA Poultry, owned and operated a chicken processing plant in Johnson County, Nebraska. On January 25, 2000, the day it filed its bankruptcy petition, MBA Poultry owed Johnson County both real estate and personal property taxes. On May 26, 2000, Johnson County filed a bankruptcy claim for the property taxes in the amount of $106,724.32 plus interest and penalties.

One of MBA Poultry's creditors, Heller Financial, Inc. (Heller), had a security interest in MBA Poultry's personal property. Heller perfected its security interest before Johnson County's tax lien attached. On February 17, 2000, before Johnson County filed its claim for unpaid taxes, the bankruptcy court entered a final order giving Heller's security interest in MBA Poultry's personal property a super-priority and authorizing the sale of the personal property. Heller later sold its security interest to Bird Watchers, which then purchased all of MBA Poultry's property, both real and personal, for $4,800,000.

After purchasing MBA Poultry's property, Bird Watchers paid the outstanding real estate taxes but refused to pay the personal property taxes. It claimed that, under

[1]The Honorable John C. Minahan, United States Bankruptcy Judge for the District of Nebraska, retired.

[2]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

the bankruptcy court's February 17, 2000 final order, the security interest it obtained from Heller had priority over Johnson County's tax lien.

Johnson County then sought relief in the bankruptcy court. Johnson County argued that it was never given notice of the motion which culminated in the February 17, 2000 final order and that its tax liens had priority over the security interest Bird Watchers obtained from Heller. The bankruptcy court agreed with both arguments, and ordered that, notwithstanding the final order, "the interest, if any, of Johnson County in personal property shall be deemed to have continued and to be enforceable in accordance with Nebraska laws."

Bird Watchers appealed the bankruptcy court's decision to the district court. At approximately the same time, Bird Watchers also conveyed the personal property to a subsidiary, Tecumseh Poultry, L.L.C. (Tecumseh Poultry). According to Bird Watchers, it did not sell the property to Tecumseh Poultry, but rather "contributed" it. Bird Watchers did not inform the district court or Johnson County of this conveyance, and the district court affirmed the decision of the bankruptcy court.

On appeal to this Court, Bird Watchers raises the same issues it raised in the district court. While the appeal was being briefed, Johnson County attempted to collect the unpaid personal property taxes from Bird Watchers through the use of a distress warrant. When Bird Watchers responded that it no longer held the personal property, Johnson County moved to dismiss this appeal for lack of subject matter jurisdiction. Johnson County also seeks attorney fees for having to respond to Bird Watchers's appeal.

## II.    DISCUSSION

Before reaching the merits of Bird Watchers's appeal, we must determine whether Bird Watchers has standing to contest Johnson County's tax lien. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) (holding a federal court

-3-

cannot hypothesize jurisdiction to reach the merits of the case before it). To have standing, a party must have "a personal stake in the outcome of the controversy." Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (citation omitted). During oral argument, counsel for Bird Watchers stated that Bird Watchers will ultimately be responsible for any tax Johnson County is able to collect in relation to the personal property at issue, whether it is paid in the first instance by Bird Watchers or Tecumseh Poultry. This direct stake in the issue presented gives Bird Watchers standing to pursue its appeal.

We review the bankruptcy court's decision using the same standards as the district court. In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir. 2000). This case presents only an issue of law, which we review de novo. Id.

Under Nebraska law, as it existed prior to 1903, a lien for personal property taxes had priority only over other liens and security interests that arose after it. Chamberlain Banking House v. Woolsey, 83 N.W. 729, 731 (Neb. 1900). In 1903, however, the Nebraska Legislature enacted a comprehensive revenue law which made unpaid personal property taxes "a first lien upon the personal property of the persons to whom assessed . . . until paid." 1903 Neb. Laws ch. 73, § 15. In a separate section of the same law, the Nebraska Legislature also accorded first lien status to unpaid real property taxes. 1903 Neb. Laws ch. 73, § 14.

These two sections of the 1903 revenue law are now codified, with minor revisions, in a single section of the Nebraska Revised Statutes. Section 77-203 of the Nebraska Revised Statutes provides:

> Commencing on [the date they are due] taxes on real property shall be a first lien on the property taxed until paid or extinguished as provided by law. *Taxes on personal property shall be a first lien upon the personal property of the person to whom assessed until paid.*

-4-

Neb. Rev. Stat. § 77-203 (emphasis added). As the district court observed, a "first lien" is "one which takes precedence over all other charges or encumbrances upon the same piece of property." In re MBA Poultry, L.L.C., 261 B.R. 9, 11 (D. Neb. 2001) (citing Black's Law Dictionary 934 (7th ed. 1999)).

According to Bird Watchers, the Nebraska Legislature did not have this type of priority in mind when it made delinquent personal property taxes a first lien. As evidence for its argument, Bird Watchers points to section 77-208, which provides that "[t]he first lien upon real estate under section 77-203 shall take priority over all other encumbrances and liens thereon." Neb. Rev. Stat. § 77-208. Unlike section 77-203, section 77-208 says nothing about personal property taxes. Based upon this omission, Bird Watchers argues that the Nebraska Legislature must not have wanted the "first lien" on personal property to have the same kind of priority as the "first lien" on real property.

Based on our review of the original 1903 revenue law, we believe the Nebraska Legislature did not intend for real estate tax liens to be a different kind of "first lien" than liens for personal property taxes. In enacting the provision that became section 77-208, the legislature was not distinguishing between real and personal property taxes; rather, it was distinguishing between liens for general taxes, which have first priority, and liens for special assessments, which are subject to the lien of general taxes. See 1903 Neb. Laws ch. 73, §§ 17, 18.[3] Thus, contrary to Bird Watchers's argument, the mere fact that the first lien for real property taxes is mentioned twice

_____

[3]In its original form, section 77-208 simply mentioned a lien for "general taxes" and did not cross reference the provision on real estate tax liens in what is now section 77-203. 1903 Neb. Laws ch. 73, § 17. The current reference to "[t]he first lien upon real estate under section 77-203" was apparently added in 1943, when Nebraska's Codified Laws were edited by the 1943 Statute Commission. See Polenz v. City of Ravenna, 18 N.W.2d 510, 511 (Neb. 1945); Walter D. James & Charles F. Bongardt, Preface to Revised Statutes of Nebraska 1943, at iv (1944).

in the Nebraska Revised Statutes does not diminish the priority of the lien for personal property taxes.

Nebraska's Uniform Commercial Code does not cast doubt on the first priority of personal property tax liens. As the district court held, the version of the U.C.C. in effect in Nebraska at the time this dispute arose expressly did not apply to tax liens arising under state statute. MBA Poultry, 261 B.R. at 11-12 (citing Neb. U.C.C. § 9-102(2));[4] see also Malakoff v. Washington, 434 A.2d 432, 434-35 (D.C. App. 1981).

Bird Watchers asserts that we have previously held the U.C.C. applicable to tax liens. It is true that in United States v. Trigg, 465 F.2d 1264, 1268 (8th Cir. 1972), we held that the United States was a lien creditor under the U.C.C. by virtue of a federal tax lien. In Trigg, however, we were applying the Federal Tax Lien Act, which Congress enacted "to bring federal tax lien law into conformity with the concepts of the Uniform Commercial Code." Dragstrem v. Obermeyer, 549 F.2d 20, 26 (7th Cir. 1977). Bird Watchers has not pointed to any Nebraska law comparable to the Federal Tax Lien Act, and so we decline to apply Trigg to the facts of this case.

We also decline Bird Watchers's invitation to decide whether Johnson County has a valid lien under Nebraska law, because that issue was not raised in either the bankruptcy court or the district court. We hold only that if Johnson County has such a lien, it is superior to Bird Watchers's interest in the property.

## III. CONCLUSION

The bankruptcy court and the district court correctly ruled that if Johnson County has a valid lien for the personal property taxes MBA Poultry failed to pay,

---

[4]The version of Article 9 of the Nebraska U.C.C. cited by the district court expired on June 30, 2001. On July 1, 2001, a revised version of Article 9 or the U.C.C., including a revised provision as to its scope, went into effect. See Neb. U.C.C. § 9-109 [Operative July 1, 2001].

then its lien is superior to the security interest Bird Watchers purchased from Heller. Accordingly, we affirm the judgment of the district court. Johnson County's motion to dismiss and motion for attorney fees are both denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.